UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS and TONY LEE-VANT WRIGHT,<br><br>                             Plaintiffs,<br><br>v.<br><br>SOLARI ENTERPRISE INC. and FEDEX.COM,<br><br>                             Defendants. | Case No.: 20-cv-2476-JLS (BLM)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT; AND (3) DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 1, 2, 3) |

Presently before the Court is Plaintiffs Tina Louise Roberts and Tony Lee-Vant Wright's Motion to Proceed *In Forma Pauperis* ("IFP") (IFP Mot., ECF No. 2) and Motion to Appoint Counsel (ECF No. 3). Plaintiffs appear to be asserting fraud and personal injury claims stemming from Defendant Fedex.com's alleged loss of a package.

**IFP MOTION**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///
///
///

1

$400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee.  28 U.S.C. § 1915(a).

Here, Plaintiff Tina Louise Roberts filed an affidavit stating that she has a monthly income of $1,156, based off of disability disbursements and food stamps.  (IFP Mot. at 2.)  The affidavit lists no other assets.  (*Id.* at 3.)  In juxtaposition, the affidavit indicates Plaintiff has monthly expenses totaling $568.[2]  The amount of money Plaintiff Roberts indicates she expects to continue to receive on a monthly basis exceeds her monthly debts and obligations by more than $500.  Additionally, Plaintiff states that she is owed $3,000.  (*Id.* at 2.)

Based on this information, the Court finds Plaintiffs have not shown they cannot pay the court costs and still afford the necessities of life.  The amount of money Plaintiff Roberts indicates she expects to receive on a monthly basis exceeds her expected monthly debts and obligations by enough that she could pay the one-time filing fee without impacting her regular expenses.

Accordingly, the Court **DENIES** Plaintiffs' Motion to Proceed IFP.

**SUA SPONTE DISMISSAL FOR LACK OF JURISDICTION**

Even if Plaintiffs were granted IFP status, however, the Court would dismiss the Complaint for lack of subject matter jurisdiction.  In the Complaint, Plaintiffs are asserting

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

[2] The affidavit breaks down the monthly expenses as $200 for food; $150 for clothing; $20 for laundry and dry-cleaning; $18 for transportation; $20 for recreation; $125 for homeowner's or renter's insurance; and $35 for life insurance. (IFP Mot. at 4–5.)  Combined, this amounts to $568—$588 less than Plaintiff indicates in the total monthly expenses column on the affidavit.

personal injury and fraud claims and seek $5,000 in damages. ECF No. 1-1.

Federal courts are courts of limited jurisdiction, and as such have an obligation to dismiss claims for which they lack subject matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). Federal courts are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). Federal district courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations omitted). Congress has conferred on the district courts original jurisdiction over both federal question cases and diversity cases. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005). Federal question cases are civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity cases are civil actions between citizens of different States; between U.S. citizens and foreign citizens; or by foreign states against U.S. citizens which exceed a specific amount in controversy, currently $75,000. *Id.* § 1332.

Here, Plaintiffs stated the basis of jurisdiction is a U.S. Government plaintiff. *See* ECF No. 1-1. It appears from the Complaint that Plaintiffs are individuals suing in their individual capacity. *See generally* Compl., ECF No. 1. No U.S. Government connection is alleged. *See generally id.* Plaintiffs' fraud and personal injury claims do not raise a federal question because they do not arise under the Constitution, laws, or treaties of the United States. Additionally, it is unclear from the Complaint whether the parties are diverse, and the amount in controversy is only $5,000. *See* ECF No. 1-1.

In this case, Plaintiffs' Complaint fails to invoke a federal question and Plaintiff has not shown that diversity jurisdiction exists. Moreover, the United States is not a party to this case. As a result, Plaintiffs have not presented a sufficient basis for federal jurisdiction in this case. For these reasons, Plaintiffs' Complaint is **DISMISSED** without prejudice. ///

If Plaintiffs file a renewed IFP motion, they should also file an amended complaint clearly stating the basis for this Court's jurisdiction.

### REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff also filed a request for appointment of counsel. (ECF No. 3.) Since the Court dismissed Plaintiffs' Complaint, the Court **DENIES** Plaintiffs' request for appointment of counsel as **MOOT**.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Proceed IFP (ECF No. 2) is **DENIED**;
2. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;
3. Plaintiffs' Motion to Appoint Counsel (ECF No. 3) is **DENIED WITHOUT PREJUDICE** as **MOOT**; and
4. Plaintiffs are **GRANTED** thirty (30) days from the date on which this Order is electronically docketed to file an amended complaint curing the deficiencies identified above.

**IT IS SO ORDERED.**

Dated: January 6, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge